UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MORALEZ,

    Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.,

    Defendants.

_____/

Case No. 1:20-CV-131

Hon. JANET T. NEFF

## REPORT AND RECOMMENDATION

Plaintiff, a frequent pro se litigator and restricted filer, filed his complaint in this case on February 12, 2020, against the Equal Employment Opportunity Commission (EEOC), EEOC Chair Janet Dhillon, and an Assistant United States Attorney who represented the EEOC in a previous case captioned *John Moralez v. Equal Employment Opportunity Commission*, *et al.*, Case No. 1:18-cv-634 (W.D. Mich.). The Court granted Plaintiff leave to proceed in forma pauperis on March 3, 2020. (ECF No. 9.) Pursuant to 28 U.S.C. § 1915(e)(2), the undersigned has reviewed the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the following reasons, the undersigned recommends that the complaint be dismissed on the grounds that it fails to state a claim upon which relief may be granted and is frivolous.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level

on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's complaint purports to allege an independent action for fraud on the court in Case No. 1:18-cv-634, pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3). It consists of approximately 46 pages of rambling legal citations, statements, and conclusions set forth in a somewhat incoherent manner. In short, however, Plaintiff complains about rulings by Magistrate Judge Carmody and Judge Neff in Case No. 1:18-cv-634 and demands that they be set aside. Plaintiff made many of the same arguments asserted here in Case No. 1:18-cv-634. They were without merit then and remain so today. If Plaintiff was dissatisfied with rulings in the prior case,

his proper course of action was an appeal to the Sixth Circuit, not the filing of a new complaint. *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269 (5th Cir. 1982). Moreover, "[i]t is well-settled that a plaintiff's pro se status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

The undersigned further recommends that because Plaintiff has abused the privilege of proceeding in forma pauperis, *see Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (proceeding in forma pauperis is a privilege and not a right), and taxed this Court's limited judicial resources by filing frivolous actions, the Court issue an order barring him from filing any future actions in this Court based on the facts, transactions, or rulings set forth in Case No. 1:18-cv-634. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (holding that a district court has the power to "enjoin[] any future litigation on any cause of action arising from the fact situation at issue in [the] case"); *Curry v. Trump*, No. 1:19 CV 2983, 2020 WL 1940844, at *1–2 (N.D. Ohio Apr. 22, 2020) (barring the plaintiff from filing additional lawsuits in forma pauperis regarding her employment with the City of Mansfield after having "already filed multiple *pro se* actions" on the subject). This is not the first lawsuit Plaintiff has filed in forma pauperis that plows the same ground that was covered in Case No. 1:18-cv-634. In *John Moralez v. Equal Employment Opportunity Commission, et al.*, Case No. 1:19-cv-957 (W.D. Mich.), Plaintiff sought a writ of mandamus ordering the EEOC to provide him with a Form 5 so that he could amend a discrimination charge. The same request was denied in Case No. 1:18-cv-634. (Case No. 1:18-cv-634, ECF No. 34 at PageID.229 (noting that the EEOC's alleged failure to provide Plaintiff a Form 5 was not an abuse of discretion because Plaintiff "did not require a Form 5 to amend his discrimination charge").) Furthermore, Plaintiff has a history in this Court of filing pro se

3

complaints that re-hash matters covered in previously-dismissed lawsuits. *See John Moralez v. Michigan Employment Relations Commission*, Case No. 1:19-cv-1078, (W.D. Mich.), ECF No. 7 at PageID.83 (pending report and recommendation) (recommending dismissal because "Plaintiff detail[ed] his disagreement with previous decisions and orders issued in various other matters in this Court and elsewhere" but "failed to allege any facts that state a claim over which this Court has jurisdiction"); *John Moralez v. Arbors of Battle Creek*, Case No. 1:19-cv-1017 (W.D. Mich. 2019), ECF No. 7 at PageID.122 (warning Plaintiff in his third lawsuit concerning the same state-court eviction at issue in his previous two cases that "the Court may deny him the privilege of proceeding IFP and require the full filing fee be paid in any future lawsuits filed in this Court").

Alternatively, the Court may wish to adopt Chief Judge Jonker's suggested sanction in Case No. 1:19-cv-1017 and bar Plaintiff from proceeding in forma pauperis altogether in any future lawsuit he may file in this Court. *See also Hopson v. Secret Serv.*, No. 3:12CV-770-H, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court.").

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **dismissed** and that the Court impose an appropriate sanction for Plaintiff's abuse of the privilege of proceeding in forma pauperis.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445

(1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Dated:  May 8, 2020                                                /s/ RAY KENT
                                                                                United States Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).